**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| American Southern Insurance Co., | : | Case No. 1:06CV0657 |
| Plaintiff | : | |
| v. | : | Magistrate Judge David S. Perelman |
| Buckeye Asbestos Removal, Inc., et al., | : | |
| | : | **MEMORANDUM OPINION** |
| Defendants | : | |

      This action was brought on March 22, 2006 by American Southern Insurance Company (American) against Buckeye Asbestos Removal Inc. (Buckeye) and Reuben W. Peppers and Deborah J. Peppers. The basis of the plaintiff's primary claim against them was that the individual defendants had executed a General Indemnity Agreement in favor of the plaintiff with regard to payment and performance bonds the plaintiff would execute on behalf of Buckeye, and that Buckeye had defaulted on certain construction contracts by reason of which American became obligated to make payments under the bonds.

      It was also alleged that after certain of those defaults Escrow Agreements were entered into between American and Buckeye and the Peppers pursuant to which payments due Buckeye under construction contracts were to be paid into an escrow account, but that Buckeye failed to honor those agreements, diverting the payments to its own benefit.

      In November 2006, while a motion to compel discovery and to deem requests for admissions admitted filed by the plaintiff was pending, defendants' counsel sought leave to withdraw. This

Court granted that motion the following month.

On January 8, 2007 this Court granted the plaintiff's discovery motion, and defendants have failed to make the required discovery.

On February 6, 2007 plaintiff filed a motion for summary judgment and a motion for sanctions, each of which sought entry of a final judgment against the defendants, the former based upon the merits of plaintiff's claims and the latter based upon defendants' defaults as regards discovery.

Because the defendants are now unrepresented this Court wrote the Peppers and granted them the opportunity to respond to plaintiff's motions. A letter signed by Mr. Peppers was docketed on February 27, 2007.[1]

While this Court appreciates, and may well be sympathetic to, the considerations set out in Mr. Peppers' letter, they are insufficient to overcome the plaintiff's entitlement to summary judgment under Rule 56 of the Federal Rules of Civil Procedure, which provides in subsection (c) that "the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

This Court finds that the record clearly establishes that the plaintiff issued various surety bonds on behalf of defendant Buckeye and that the individual defendants executed a general indemnity agreement with regard thereto. This Court further finds that the plaintiff received claims pursuant to those bonds, which resulted in payments being made thereunder in the amount of

---

[1] This Court considers plaintiff's argument that "Defendant Ruben W. Peppers cannot represent either Buckeye Asbestos Removal, Inc. or Defendant Deborah J. Peppers" to be unseemly, given the circumstances of this case.

$831,136.68, and that as a consequence thereof the plaintiff has sustained a loss of $514,286.73.

There being no genuine issue of material fact in those regards, it follows that the plaintiff is entitled to summary judgment in the amount of $514.286.73, and such a judgment, plus interest at 12% per annum (as called for under the bonds) from July 14, 2005, will be entered against all defendants. With entry of such a judgment on plaintiff's primary claim, this Court sees no need to pass upon plaintiff's claims for declaratory judgment and/or indemnification, and declines to do so.

As regards the motion for sanctions, this Court will order defendants' counterclaim dismissed as a sanction for defendants' failure to satisfy their discovery obligations.

s/DAVID S. PERELMAN
United States Magistrate Judge

DATE:   March 19, 2007